### LUPE DIAZ v. THE STATE.

#### No. 4227. Decided October 25, 1916.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, sustained a conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Motion for New Trial—Bill of Exceptions.**

The uniform practice of this court is not to consider the separate grounds in the motion for new trial when that is the only way exception is taken to the proceedings during trial.

**3.—Same—Requested Charge—Practice on Appeal.**

In the absence of any showing that the requested charge was ever presented to the trial judge or that he ever saw or acted on it during the trial, and no objection was made to the main charge of the court, the same can not be considered on appeal.

Appeal from the District Court of Kleberg. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of a violation of the local option law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Pope & Sutherland,* for appellant.—Cited Gibbons v. State, 49 Texas Crim. Rep., 261.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of unlawfully selling intoxicating liquor in prohibition territory.

He contends the evidence was insufficient to sustain the verdict. We have carefully read the testimony and conclude that it was sufficient the State's witness testifying positively to a sale by appellant to him as alleged in the indictment. Appellant denied making a sale but claimed that he procured at witness' instance the liquor and delivered it to him. This was a question of fact for the jury and the trial judge, and not for this court. Hence, we can not disturb the verdict on that ground.

The only bill of exceptions in the record is to the court's overruling his motion for a new trial. In this motion he sets up three separate and distinct grounds. The uniform practice of this court is not to consider the separate grounds in a motion for a new trial when that is the only way exception is taken to the proceedings during the trial.

There appears in the record what purports to be a special charge requested by appellant, but it in no way shows that it was ever presented to the judge, or that the judge ever saw or acted on it during the trial. There is no bill in any way to the court's refusal to give it. No objection was made to the court's charge for either claimed error of commission or omission. Therefore, under the very terms of the statute and the many decisions of this court thereunder, no question as to said charge is presented which this court is authorized to review.

The judgment is, therefore, affirmed.

*Affirmed.*